IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THOMAS LANE COKER,

Petitioner,

VS.

NO. 3-03-CV-2146-N

NATHANIEL QUARTERMAN, Director
Texas Department of Criminal Justice,
Correctional Institutions Division

Respondent.

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Thomas Lane Coker, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A Dallas County grand jury indicted petitioner on one count of unlawful possession of a firearm by a convicted felon. After waiving his right to a jury trial, petitioner was convicted by a judge and sentenced to 40 years confinement. His conviction and sentence were affirmed on direct appeal. *Coker v. State*, No. 11-99-00093-CR, 1999 WL 33748132 (Tex. App.--Eastland, Oct. 21, 1999, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Coker*, WR-41,265-02 (Tex. Crim. App. Jan. 31, 2001). Petitioner then filed this action in federal district court.[1]

---

[1] This court originally dismissed petitioner's federal writ on limitations grounds. *Coker v. Quarterman*, No. 3-03-CV-2146-N, 2003 WL 23873274 (N.D. Tex. Nov. 24, 2003), *rec. adopted*, 2004 WL 2600490 (N.D. Tex. Nov. 12, 2004). On direct appeal, the Fifth Circuit vacated the judgment and remanded the case for further proceedings. *Coker v. Quarterman*, 270 Fed.Appx. 305, 2008 WL 724042 (5th Cir. Mar. 17, 2008).

II.

In multiple grounds for relief, petitioner contends that: (1) his conviction was the result of an illegal arrest; (2) there was insufficient evidence to support his conviction; (3) he received ineffective assistance of counsel; and (4) the Texas statute criminalizing the possession of a firearm by a convicted felon is void for vagueness.[2]

A.

Petitioner challenges his arrest on the grounds that the affidavit used to obtain the arrest warrant was based on hearsay, the warrant was not issued in a timely manner, and he was not in possession of a firearm at the time the warrant was executed. This claim fails for at least two reasons. First, a federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067 (1976); *see also Self v. Collins*, 973 F.2d 1198, 1208 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 1613 (1993) (applying *Stone* to unlawful arrest claim). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that--an opportunity. *See Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, [*Stone*] bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1264 (2003). Here, petitioner does not allege, much less prove, that he was denied an opportunity to litigate his unlawful arrest claim in state court.

---

[2] As part of his answer, respondent reurges his affirmative defense that petitioner's claims are barred by the AEDPA statute of limitations. (*See* Resp. Ans. at 4-10). The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Mack v. Quarterman*, No. 3-06-CV-0903-L, 2007 WL 241373 at *2 n.1 (N.D. Tex. Jan. 26, 2007), *COA denied*, No. 07-10285 (5th Cir. Feb. 19, 2008) (declining to address affirmative defense of limitations where petitioner was not entitled to relief on the merits).

Second, "[a]n illegal arrest... is an insufficient ground, standing alone, upon which to vacate a conviction in federal habeas proceedings." *See Sanders v. Israel*, 717 F.2d 422, 423 (7th Cir. 1983), *cert. denied*, 104 S.Ct. 1302 (1984), *citing United States v. Crews*, 445 U.S. 463, 474, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980). Although petitioner alleges that his arrest was unlawful for a variety of reasons, he does not claim that any evidence seized during the arrest was introduced at trial or otherwise show how the arrest led to his conviction. Without more, petitioner is not entitled to federal habeas relief.

B.

In two related grounds, petitioner contends that the evidence was insufficient to support his conviction because the state failed to introduce any physical evidence to corroborate the testimony of the lone witness who said he observed petitioner in possession of a firearm. Respondent counters that both grounds for relief are procedurally barred from federal habeas review.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 262-63, 109 S.Ct 1038, 1043, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982); *Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999). It is well-settled under Texas law that the sufficiency of the evidence cannot be attacked for the first

time on state collateral review. *See Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *Ex parte Adams*, 768 S.W.2d 281, 293 (Tex. Crim. App. 1989).

2.

Although petitioner challenged the *factual sufficiency* of the evidence on direct appeal, he did not raise a *legal sufficiency* or "no evidence" claim in that proceeding. Instead, petitioner presented his legal sufficiency claim for the first time on state collateral review. The Texas Court of Criminal Appeals rejected the claim and denied relief without written order. *See Ex parte Coker*, WR-41,265-02, Tr. at cover. This disposition suggests that the court's decision was based on adequate and independent state grounds. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) ("[W]here an applicant challenges the sufficiency of the evidence on an application for a writ of habeas corpus, and we subsequently dispose of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable."). Consequently, petitioner's legal sufficiency claim is barred from federal habeas review. *Renz*, 28 F.3d at 432; *see also Mendoza v. Dretke*, No. 3-05-CV-0042-M, 2005 WL 1124513 at *2 (N.D. Tex. May 11, 2005) (citing cases), *rec. adopted*, 2005 WL 1639330 (N.D. Tex. Jul. 13, 2005).[3]

3.

To the extent petitioner challenges the factual sufficiency of the evidence, his claim is not cognizable on federal habeas review. Under Texas law, intermediate appellate courts have the

---

[3] Texas law permits a defendant to raise a "no evidence" claim for the first time on collateral review where the conviction is totally devoid of any evidentiary support. *See Ex parte Barfield*, 697 S.W.2d 420, 421 (Tex. Crim. App. 1985); *Ex parte Coleman*, 599 S.W.2d 305, 307 (Tex. Crim. App. 1978). However, where a defendant merely challenges the sufficiency of the evidence to support a conviction, such a claim must be raised on direct appeal. *See Ex parte Williams*, 703 S.W.2d 674, 679-80 (Tex. Crim. App. 1986). In his federal writ, petitioner acknowledges that there was some evidence to support his conviction--the testimony of John Dodson, who said that he observed petitioner retrieve a rifle from his truck and fire the weapon into the air. The crux of petitioner's claim is that the state failed to introduce any physical evidence to corroborate Dodson's testimony. Such an argument implicates the factual sufficiency of the evidence and cannot be litigated under the guise of a "no evidence" claim. *See Gardner v. Dretke*, No. 3-04-CV-1074-G, 2004 WL 2008499 at *1 n.1 (N.D. Tex. Sept. 8, 2004), *rec. adopted*, 2004 WL 2187110 (N.D. Tex. Sept. 28, 2004).

authority to review fact questions in criminal cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Id.* Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14 (citing cases). Because there is no corresponding right of review under the United States Constitution, this ground for relief should be overruled. *Id.*; *see also Daisy v. Dretke*, No. 3-04-CV-2015-D, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004), *COA denied*, No. 05-10052 (5th Cir. Nov. 9, 2005) (citing cases).

C.

Next, petitioner contends that he received ineffective assistance of counsel at trial because his attorney: (1) allowed him to testify; (2) advised him to waive a jury trial; (3) failed to investigate the case or interview witnesses; (4) did not move for a judgment of acquittal at the beginning of trial; and (5) failed to object to certain testimony and evidence. Petitioner also criticizes his appellate lawyer for not raising certain issues on direct appeal.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*,

446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonable professional conduct. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2.

Most of petitioner's ineffective assistance of counsel claims are either patently frivolous, negated by the record, or conclusory in nature. There is no evidence that counsel was ineffective for advising petitioner to waive a jury trial. To the contrary, counsel reasonably believed that petitioner would be better served by allowing a trusted judge to hear the case instead of a jury who might be biased against a convicted felon with an extensive criminal record. Likewise, counsel was not ineffective for failing to move for a judgment of acquittal before trial. Counsel made such a motion after the state rested its case-in-chief, but the motion was denied. (*See* SF at 43). Petitioner has not shown that the ruling would have been any different had counsel made the motion earlier. With respect to petitioner's claim that counsel failed to investigate the case or interview witnesses, he does not specify what further investigation would have revealed or what information the witnesses would have provided. And while petitioner generally criticizes his attorney for failing to make certain objections at trial, he does not articulate a legitimate basis for any of those objections or explain how he was prejudiced by the admission of evidence.[4] His vague, conclusory, and self-serving allegations do not merit habeas relief. *See Beall v. Cockrell*, 174 F.Supp.2d 512, 523 (N.D. Tex. 2001), *COA*

---

[4] The closest petitioner comes to articulating a legal basis for an objection is his claim that Dodson was not qualified as a firearms expert. (*See* Pet. Mem. Br. at 13). However, the prosecution was not required to present expert testimony to prove that petitioner unlawfully possessed a firearm. *See United States v. Lankford*, 196 F.3d 563, 576 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1984 (2000) (holding that the government may rely on lay testimony to prove that defendant used, possessed, or carried a firearm in violation of federal law). Counsel was not ineffective for failing to make this frivolous objection.

*denied*, No. 01-11404 (5th Cir. Mar. 14, 2002) (conclusory statements and random citations to legal authority are insufficient to support a claim of ineffective assistance of counsel).

3.

Only one of petitioner's ineffective assistance of counsel claims merits extended discussion. In one of his grounds, petitioner argues that he was "compelled" to testify because defense counsel told him that the judge would not entertain a motion for acquittal unless he explained his version of the incident. Petitioner now claims that he was reluctant to take the stand "for fear that the State would unduly seize upon [his] prior convictions to crucify him before the judge." (Pet. Mem. Br. at 14). Those fears proved well-founded, as the prosecutor repeatedly questioned petitioner on cross-examination about his prior convictions for theft, robbery, and unauthorized use of a motor vehicle. (*See* SF at 61-64).

The decision whether to advise a defendant to testify is a tactical choice of trial strategy that is usually not subject to review under *Strickland*. *See Winfrey v. Maggio*, 664 F.2d 550, 553 (5th Cir. 1981). In this case, the only evidence that petitioner possessed a firearm was the testimony of John Dodson. At trial, Dodson testified that he saw two people arguing in the street outside his house just after dark on December 21, 1997. (SF at 5, 7-8). Dodson observed one of the individuals, later identified as petitioner, reach into a truck and start "messing with something." (*Id.* at 8-9). At first, Dodson thought the object was a bat, but later realized it was a rifle. (*Id.* at 9). After taking the rifle from the truck, petitioner yelled something about his keys and shot the gun into the air. (*Id.*). Petitioner then drove off in the truck. (*Id.* at 11). The only witness able to rebut this testimony was petitioner himself. While admitting that he was present at the scene, petitioner denied participating in the argument or firing a rifle. (*Id.* at 52, 55, 60). Rather, petitioner said that a man named "Leland" fought with Kathy Morris, who lived next door to Dodson, and shot the rifle during the

argument. (*Id.* at 53-55, 60). Petitioner did not see Leland fire the rifle--he only heard the shots. (*Id.* at 55). Frightened by the incident and uncertain what would happen next, petitioner got into Leland's truck and told him to "get the hell out of here." (*Id.* at 54).

It is clear that the only viable defense in this case was petitioner's own testimony. Given the overwhelming evidence against him, petitioner's only chance for acquittal was to explain his version of the incident to the trier of fact. Although the judge rejected petitioner's testimony and found him guilty, that does not mean counsel was ineffective for pursuing that strategy. *See, e.g. Maynard v. Quarterman*, No. 3-06-CV-1439-B, 2007 WL 1345687 at *5 (N.D. Tex. May 4, 2007), *COA denied*, No. 07-10626 (5th Cir. Feb. 8, 2008) (decision to allow petitioner to testify at punishment hearing was not objectively unreasonable where the "only real chance to avoid spending the rest of his life in prison was to accept responsibility for his actions and ask the jury for leniency"); *Brown v. Dretke*, No. SA-01-CA-0241-XR, 2004 WL 2793266 at *33 (W.D. Tex. Dec. 3, 2004), *COA denied*, 419 F.3d 365 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1434 (2006) (there was nothing objectively unreasonable about counsel's decision to advise petitioner to testify where his first-hand account of the fatal shooting was the only source of exculpatory evidence available at the guilt-innocence phase of trial).

Nor has petitioner shown that the outcome of the trial would have been different had he not testified. While the prosecutor was able to question petitioner about his extensive criminal record, much of that evidence also was introduced through other witnesses. Before petitioner testified, Glenn Edward Thompson, a fingerprint expert, authenticated three pen packets relating to a prior theft conviction and two prior convictions for unauthorized use of a motor vehicle. (*See* SF at 41-42; St. Exh. 3). Pen packets relating to petitioner's other convictions were properly admitted during the punishment hearing. (*See* SF at 86; St. Exhs. 4 & 5). In light of this evidence, petitioner was not

prejudiced by taking the stand in his own defense. *See Toro v. Fairman*, 940 F.2d 1065, 1069 (7th Cir. 1991), *cert. denied*, 112 S.Ct. 3038 (1992) (petitioner was not prejudiced by counsel's decision to allow him to testify and admit the elements of the offense where the prosecution's case was "very strong," the witnesses against him were credible, and petitioner was "hard-pressed" for a defense).

4.

Petitioner also complains that his appellate lawyer failed to challenge his conviction on legal insufficiency grounds or argue that trial counsel was ineffective. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 110 S.Ct. 419 (1989); *see also Jones v. Barnes*, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004); *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999). In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000), *citing Strickland*, 104 S.Ct. at 2064. This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id., quoting Williamson*, 183 F.3d at 462-63.

Appellate counsel raised a single non-frivolous issue on direct appeal--that the evidence was factually insufficient to support petitioner's conviction. Although counsel did not raise a legal insufficiency claim or argue that petitioner received ineffective assistance of counsel at trial, neither claim has merit. Petitioner apparently believes that the evidence was legally insufficient to support his conviction for unlawful possession of a firearm because the state did not produce the rifle at trial.

However, the court is unaware of any authority that requires the state to introduce the actual weapon into evidence to prove the elements of this offense under Texas law. Certainly petitioner has not cited any such authority in his writ. As for the omitted ineffective assistance of counsel claim, the court has already determined that petitioner is not entitled to post-conviction relief on that ground. There is no reason to believe that petitioner's conviction would have been reversed had the same claim been raised on direct appeal. *See Jackson v. Quarterman*, No. 3-06-CV-0494-G, 2008 WL 58879 at *10 (N.D. Tex. Jan. 3, 2008) (appellate counsel was not ineffective for failing to appeal conviction on grounds that were considered and rejected on federal habeas review).[5]

D.

Finally, petitioner contends that the statute criminalizing the possession of a firearm by a convicted felon, Tex. Penal Code Ann. § 46.04, is void for vagueness because the statute is not limited in scope or duration, does not require the state to produce the firearm at trial, and authorizes a conviction even though the defendant is not in possession of a firearm at the time of his arrest. A statute is void for vagueness when it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972). Article 46.04 of the Texas Penal Code clearly satisfies this requirement. The statute provides:

> A person who has been convicted of a felony commits an offense if he possesses a firearm:
>
> (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the

---

[5] To the extent petitioner claims that appellate counsel had a conflict of interest because he was appointed by the trial court "in the good ole boy fashion," he provides no evidence to support the conclusory assertion that such a conflict existed. (*See* Hab. Pet. at 8). Nor has petitioner demonstrated harm as a result of any alleged bias. *See Roach v. Quarterman*, 220 Fed.Appx. 270, 279, 2007 WL 625067 at *6 (5th Cir. Feb. 26, 2007) (rejecting claim that appellate counsel had conflict of interest absent proof of harm).

person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

TEX. PENAL CODE ANN. § 46.04(a) (Vernon Supp. 2007). Contrary to petitioner's argument, there is nothing vague about the statute--a convicted felon may not possess a firearm anywhere for five years after his conviction or his release from prison or supervision, whichever is later, and thereafter may possess a firearm only within the confines of his residence. *See State v. Mason*, 980 S.W.2d 635, 639 (Tex. Crim. App. 1998). That petitioner believes the legislature intended to impose different requirements does not make the statute unconstitutional.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 12, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE