IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS LANE COKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-2146-N |
| | § | |
| RICK THALER, DIRECTOR, | § | |
| | § | |
| Respondant. | § | |

## **ORDER**

This Order addresses the objections to the Magistrate Judge's Findings and Recommendation ("F&R").

### I. RESPONDENT'S OBJECTION

Respondent objects to the Magistrate Judge's failure to conduct a hearing on Petitioner Coker's claim for equitable estoppel, and instead dismissing on the merits. The F&R stated in pertinent part:

> As part of his answer, respondent reurges his affirmative defense that petitioner's claims are barred by the AEDPA statute of limitations. (*See* Resp. Ans. at 4-10). The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Mack v. Quarterman*, No. 3-60-CV-0903-L, 2007 WL 241373 at *2 n.1 (N.D. Tex. Jan 26, 2007), *COA denied*, No. 07-10285 (5th Cir. Feb. 19, 2008) (declining to address affirmative defense of limitations where petitioner was not entitled to relief on the merits).

F&R at 2 n.2. Respondent objects to the Magistrate Judge's failure to address limitations before proceeding to the merits as being both contrary to law and disobedient to the mandate

of the Fifth Circuit in the earlier appeal in this case. *Coker v. Quarterman*, 270 F. App'x 305 (5th Cir. 2008) (unpub.).

### A. Case Law Does Not Require a Hearing First

Footnote 2 cites *Mack v. Quarterman* (Kaplan, M.J.), which in turn cites *Wheat v. Dretke*, 2005 WL 1667832, at *1 n.1 (N.D. Tex. 2005) (Kaplan, M.J.), which in turn cites *Davis v. Dretke*, 2003 WL 23174750, at *1 n.1 (N.D. Tex. 2005) (Kaplan, M.J.), which in turn cites *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) for the proposition that the AEDPA statute of limitations is not a jurisdictional bar that divests a federal court of habeas jurisdiction. While *Davis v. Johnson* may suggest that the Court can address the merits without addressing limitations, it does not expressly hold that. The Court has searched diligently for authority in the Fifth Circuit on whether the Court is required to address limitations before denying relief on the merits, and found none. Indeed, the Court has found no circuit court opinion anywhere addressing this question.[1]

---

[1] There are some district courts in the Ninth Circuit that cite *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002) for the proposition that "[t]he statute of limitations is a threshold issue the Court must resolve before reaching other procedural issues or the merits of Petitioner's claims." *Adams v. Schriro*, 2009 WL 2219291, at *2 (D. Ariz. 2009) (citing *Klitzkie* mistakenly at 283 F.3d). In fact, *Klitzkie* had no such holding. The court there simply elected to affirm the district court's dismissal on the alternate ground of limitations, rather than the merits: "Although the statute of limitations issue was not included in the certificate of appealability, we can affirm the district court on any ground supported by the record. . . . Accordingly, we affirm the district court's dismissal of White's petition without reaching the grounds upon which the district court dismissed it." 281 F.3d at 922 (citations omitted). It did not even hint that the district court erred by reaching the merits instead of addressing limitations.

Respondent cites *Allen v. Siebert*, 552 U.S. 3, 5-6 (2007), for the proposition that all time limitations are conditions that go to a court's ability to consider a petition for habeas corpus. From that Respondent concludes that this Court must address limitations prior to the merits. Respondent also cites *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994),[2] for the proposition that because limitations is a threshold issue, it must be addressed prior to the merits. The short answer is that Respondent's argument would make sense if the Court had granted relief, because the Court cannot grant relief if Coker's claims are barred by limitations, but it makes no sense given that the Court has denied relief.

*Allen* simply has nothing to do with this question. *Allen* held that a state postconviction petition that was untimely was not "properly filed" for purposes of AEDPA's tolling provisions, regardless whether the state considered its time limitation jurisdictional or an affirmative defense. Proper filing is not an issue in this case. Likewise, in *Caspari* the Supreme Court held that "if the State does argue that the defendant seeks the benefit of a new rule of constitutional law, the court *must* apply *Teague* before considering the merits of the claim." 510 U.S. at 389 (emphasis in original). This is a matter of common sense: until the *Teague* analysis is done, the court does not know what substantive rule will apply to the merits. That is not the case with limitations, and *Caspari* does not purport to speak to limitations.

---

[2]Respondent's objection inadvertently transposed the last two digits of the jump cite to 398. The substance to which he refers is found on 389.

More on point is *Day v. McDonough*, 547 U.S. 198 (2006). The Court there observed: "A statute of limitations defense, the State acknowledges, is not 'jurisdictional,' hence courts are under no *obligation* to raise the time bar *sua sponte*." *Id.* at 205 (emphasis in original). The Court also noted that "should a State intelligently choose to waive a statute of limitations defense, a district court would not be at liberty to disregard that choice." *Id.* at 210 n.11. That would not be the case, of course, if limitations were jurisdictional.[3] Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits.

This is a sensible result. Otherwise, the Magistrate Judge and the parties would have been put to the expense and effort of an evidentiary hearing for no reason. It doesn't matter whether Coker was diligent – he would not get relief in any event. And the issue is not merely avoiding an unnecessary hearing. Habeas petitioners are typically incarcerated felons; moving them from prison to the courtroom and back to prison is not a simple undertaking and presents risks to public safety.[4] Moreover, this result is consistent with the common practice of courts finding habeas barred by limitations and then, in the alternative, finding relief is also unavailable on the merits.[5] If Respondent were correct, those courts

---

[3]*See, e.g.*, *Howrey v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("subject-matter jurisdiction cannot be created by waiver or consent").

[4]It appears here that Coker was brought to Dallas, though not to the courthouse, before the Magistrate Judge determined that an evidentiary hearing was not necessary. The point here is not whether Coker himself was moved, but whether the law should require that in all cases.

[5]*See, e.g.*, *Goodballet v. Mack*, 266 F. Supp. 2d 702, 708 (N.D. Ohio 2003); *Daniel v. Wynder*, 2009 WL 161668, at *11 (W.D. Pa. 2009); *Reynolds v. Schriro*, 2008 WL

would have been precluded from reaching the merits in the alternative once they found the claims barred by limitations. The Court therefore overrules Respondent's objection to the extent it argues case law prohibited the Magistrate Judge from reaching the merits.

### *B. The Fifth Circuit's Mandate Did Not Preclude Reaching the Merits*

Respondent additionally argues that the mandate rule requires the Court to address limitations prior to the merits. The opinion of the Court of Appeals concluded:

> Therefore, we remand for the district court to conduct an evidentiary hearing regarding Coker's claim that he diligently pursued habeas corpus relief and meets the standard for equitable tolling of the federal limitations filing period for his § 2254 petition.
>
> **IV. CONCLUSION**
> The judgment of the district court is REVERSED and REMANDED.

270 F. App'x at 310-11. Respondent argues that because the opinion of the Court of Appeals remands for an evidentiary hearing, this Court has no discretion to address the merits before limitations.[6]

---

3076212, at *9-10 (D. Ariz. 2008); *Sauceda v. Quarterman*, 2008 WL 5137287, at *7 (S.D. Tex. 2008); *Andre v. Pacholke*, 2008 WL 4614294, at *6 (W.D. Wash. 2008); *Finney v. Bobby*, 2007 WL 2778728, at *6 (N.D. Ohio 2007); *Garcia-Luna v. Quarterman*, 2007 WL 1522624, at *11 (S.D. Tex. 2007); *Caldwell v. Wilson*, 2005 WL 3447908, at *6 (W.D. Pa. 2005).

[6]The language of the actual mandate was:
> It is ordered and adjudged that the judgment of the District Court is reversed, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

*Coker v. Quarterman*, No. 05-10020 (5th Cir. Apr. 8, 2008) (District Court docket no. 37).

The Court notes that there is nothing it desires judicially more than to comply with the direction of the Court of Appeals. Here the direction from the Court of Appeals is silent with respect to addressing the merits.

> When further trial-court proceedings are appropriate after remand, the appellate mandate commonly leaves the trial court free to decide matters that were not resolved on appeal. A court of appeals ordinarily cannot effectively consider matters that are not presented to it, and should be free to manage its own process of decision by refusing to decide some of the matters that are presented.

18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4478.3, at 750 (2d ed. 2002); *accord United States v. Lee*, 358 F.3d 315, 324 (5th Cir. 2004) (on remand for resentencing to determine whether offense was crime of violence, district court did not violate mandate rule by imposing discretionary upward departure where first court of appeals opinion said "nary a word on the possibility of imposing a discretionary upward departure"); *Topalian v. Ehrman*, 954 F.2d 1125, 1140 (5th Cir. 1992) (district court not in contempt of mandate where earlier appeal reversed finding of no personal jurisdiction and ordered reinstatement of defendant, and on remand court granted summary judgment for defendant on the merits); *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986) ("A mandate controls on all matters within its scope, but a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal.") (citing *Gulf Coast Bldg. & Supply Co. v. Local No. 480*, 460 F.2d 105, 107 (5th Cir. 1972)).

Here the opinion of the Court of Appeals is silent regarding the merits, no doubt because nothing regarding the merits was at issue in the appeal. Obviously the opinion does

not completely preclude considering the merits; otherwise, there would be no point in addressing equitable tolling if this Court could never address the merits. Moreover, the Court of Appeals knows how to direct the district court first to consider equitable tolling, and reach the merits only if it finds equitable tolling applicable, when that is what it actually intends. *United States v. Botello*, 196 F.3d 1258 (table), 1999 WL 800314, at *3 (5th Cir. 1999) (unpub.) (directing district court on remand first to consider equitable tolling, and "[i]f the district court answers this question in the affirmative it should then consider the merits of Botello's petition."). Also, finding that Coker is not entitled to relief on the merits in no way undermines or subverts the Court of Appeals' ruling that his equitable tolling claim cannot be resolved without an evidentiary hearing. Finally, although a hearing is necessary to resolve Coker's equitable tolling claim, a hearing is not necessary to resolve this case. The Court overrules Respondent's mandate rule objection.

## II. COKER'S OBJECTIONS

Coker, pro se, filed a 49 page objection, much of which is difficult to follow. A substantial portion is devoted to either personal criticism of the Magistrate Judge or argument of Coker's equitable tolling claim. To the extent Coker actually objects to the F&R, the Court finds those objections are adequately addressed by the F&R, and the Court overrules those objections for the reasons stated in the F&R. Moreover, even if Coker's sufficiency of the evidence ground for relief were not procedurally defaulted as found by the F&R, *see*

F&R at 4 (Part B.2), Coker would not be entitled to relief on the merits of that claim. Ample case law holds that eyewitness testimony is sufficient to prove possession of a firearm.[7]

CONCLUSION

After conducting a review of the pleadings, files and records in this case, and the Findings and Recommendation of the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1), including de novo review of those portion to which objections were made, the Court is of the opinion that the findings and recommendation of the Magistrate Judge are correct and they are hereby accepted as the findings of the Court.

Signed November 16, 2009.

_____
David C. Godbey
United States District Judge

---

[7]*See, e.g.*, *United States v. Smith*, 49 F.3d 475, 478 (8th Cir. 1995) (testimony of just one eyewitness was legally adequate to prove possession of a firearm); *Parker v. United States*, 801 F.2d 1382, 1383-85 (D.C. Cir. 1986) (testimony of two bank tellers that defendant carried a gun was sufficient evidence that he possessed a firearm); *see also United States v. Staples*, 266 F. App'x 167, 169 (3d Cir. 2008) (citing *United States v. Anderson*, 78 F.3d 420, 423 (8th Cir. 1996); *United States v. Buggs*, 904 F.2d 1070, 1076 (7th Cir. 1990)) (testimony of four police officers was sufficient to demonstrate both possession of a Tec firearm and that the firearm was real).